# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMES REYES and JAMES ORCUTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CCA SILVERDALE, MS. TELLIS, AW ) <br> PONDS, MRS. MOON and MS. ) <br> VANHOOSER, ) <br> ) <br> Defendants. | No.: 1:18-cv-197-HSM-SKL |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 jointly by James Reyes and James Orcutt ("Plaintiffs"). Upon initial review of Plaintiffs' motion to proceed *in forma pauperis* [Doc. 1], the Court issued a deficiency order notifying Plaintiffs that they had neither paid the filing fee nor submitted the proper documents required to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) [Doc. 4]. Plaintiffs were warned that if either of them failed to fully comply with the deficiency order within thirty days, the Court would presume that said Plaintiff is not a pauper, would assess the proportional amount of fees, and would order the case dismissed as to that Plaintiff for want of prosecution. [Doc. 4 p. 2]. The docket reflects that a copy of the deficiency order was mailed to each Plaintiff at his listed address of record [Doc. 4].

More than thirty days have passed since the entry of the Court's deficiency order on January 11, 2019, and neither Plaintiff has paid the fee, submitted the appropriate documentation, or otherwise responded to that order in any way. Accordingly, Plaintiffs' motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED** and Plaintiffs will be **ASSESSED** their proportional share of total court fees in the amount of four hundred ($400.00) dollars, consisting

of a filing fee of three hundred fifty dollars ($350.00), and an administrative fee of fifty dollars ($50.00). *See* 28 U.S.C. § 1914(a); Judicial Conference of the United States, District Court Miscellaneous Fee Schedule # 14 (effective September 1, 2018). Because there are two plaintiffs, each plaintiff is proportionately liable for two hundred ($200.00) dollars of the total fee. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). The Clerk is **DIRECTED** to forward a copy of this opinion to the Court's financial deputy.

In addition, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED** for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiffs' failure to comply with the Court's deficiency order is due to their own willfulness and fault. Local Rule 83.13 imposes upon a pro

se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that the deficiency order was mailed to each Plaintiff at their last reported addresses [Doc. 4]. There is no indication that the orders were returned as undeliverable or otherwise that either Plaintiff did not receive it.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's order set a clear and firm deadline for Plaintiffs to follow. They nevertheless failed to adhere to that deadline, in violation of both the local rules and the order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiffs' failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the record shows that the Court warned Plaintiffs that this case would be dismissed as to that Plaintiff if either failed to comply with the Court's deficiency order within the allotted timeframe [Doc. 4 p. 2]. Plaintiffs' failure to comply with or respond to that order despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiffs failed to respond to the deficiency order and otherwise have failed to monitor or pursue this action in any way since filing the complaint on August 22, 2018 [Doc. 2]. Any

further attempts to prod Plaintiffs into compliance through the imposition of a lesser sanction than dismissal would appear to be futile.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED with prejudice** for want of prosecution and for failure to comply with the Court's orders and the local rules of court. *McGore*, 114 F.3d at 605 (if prisoner does not comply with a deficiency order, the district court must presume he is not a pauper, assess the full amount of fees, and must order the case dismissed for want of prosecution).

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, an application by either Plaintiff for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

 */s/ Harry S. Mattice, Jr.*
 HARRY S. MATTICE, JR.
 UNITED STATES DISTRICT JUDGE